IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MULTIPLAYER NETWORK INNOVATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., <br><br> Defendant. | Civil Action No. 2:14-cv-00825-JRG-RSP <br><br> JURY TRIAL DEMANDED |

**ANSWER, AFFIRMATIVE**
**DEFENSES AND COUNTERCLAIMS OF DEFENDANT AMAZON.COM, INC.**

Defendant Amazon.com, Inc. ("Amazon") answers Plaintiff Multiplayer Network Innovations, LLC's ("Plaintiff") Original Complaint for Patent Infringement dated August 5, 2014 ("Complaint"), which alleges infringement of U.S. Patent No. 5,618,045 ("'045 patent"), as follows. To the extent not specifically admitted herein, the allegations of the Complaint are denied.

**BACKGROUND**

1.      Amazon lacks sufficient information to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2.      Amazon lacks sufficient information to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3.      Amazon lacks sufficient information to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4.      Amazon lacks sufficient information to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5.      Amazon lacks sufficient information to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6.      Amazon lacks sufficient information to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7.      Amazon denies that the '045 patent constitutes an invention and on that basis denies the allegations in paragraph 7 of the Complaint.

8.      Amazon denies that the '045 patent constitutes a useful invention and on that basis denies the allegations in paragraph 8 of the Complaint.

9.      Amazon lacks sufficient information to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10.      Amazon lacks sufficient information to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11.      Amazon admits that the '045 Patent is entitled "Interactive Multiple Player Game System and Method of Playing a Game Between at Least Two Players," and that the face of the '045 patent indicates that it issued on April 8, 1997 from a patent application filed on February 8, 1995. Amazon admits that what is attached to the Complaint as Exhibit A appears to be a copy of the '045 patent. Amazon lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 11 of the Complaint.

## PARTIES

12.       Amazon lacks sufficient information to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13.     Amazon admits that it is a Delaware corporation with its principle place of business at 410 Terry Avenue North, Seattle, Washington 98019. Amazon admits that its products and services are made available throughout the United States of America, including in Texas. Amazon denies all infringement of the '045 patent in this District or elsewhere. Amazon admits that it does not maintain a registered agent in Texas. Amazon admits that its Delaware agent for receipt of service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. Amazon denies the remaining of the allegations in paragraph 13 of the Complaint.

## JURISDICTION AND VENUE

14.     Amazon admits that Plaintiff purports to state a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Amazon denies that Plaintiff has in fact stated a claim for patent infringement arising under the patent laws of the United States. Amazon admits that this Court has subject matter jurisdiction over actions brought pursuant to 28 U.S.C. §§ 1331 and 1338(a).

15.     Amazon does not contest personal jurisdiction in this District solely for the purpose of  this action. Amazon specifically denies that it has committed any acts of infringement within the  Eastern District of Texas, or any other District. Amazon denies the remaining  allegations  in paragraph 15 of the Complaint.

16.     Amazon admits that venue is proper in the Eastern District of Texas for purposes  of  this action. Amazon denies that venue is convenient for the parties and witnesses in the  Eastern District of Texas for purposes of this action. Amazon denies that it has committed any acts of patent infringement  within this judicial district or elsewhere.

## COUNT 1
## INFRINGEMENT OF U.S. PATENT NO. 5,618,045

17.      Amazon incorporates by reference its responses to Paragraphs 1-16 above, as if fully set forth herein.

18.      Amazon admits that it sells Amazon Fire Phone and Amazon Kindle Fire Models (including the Kindle Fire HDX 8.9", Kindle Fire HDX 7", Kindle Fire HD 7", Kindle Fire HD 8.9", and Kindle Fire HD 7"), but denies that these products are "products and/or services for multiplayer gaming."

19.      Amazon denies that it infringes or has ever infringed any valid and enforceable claim of the '045 patent. Amazon admits that it sells Amazon Fire Phone and Amazon Kindle Fire Models (including the Kindle Fire HDX 8.9", Kindle Fire HDX 7", Kindle Fire HD 7", Kindle Fire HD 8.9", and Kindle Fire HD 7"). Amazon denies that Amazon Fire Phone and the Amazon Kindle Fire Models (including without limitation the Kindle Fire HDX 8.9", Kindle Fire HDX 7", Kindle Fire HD 7", Kindle Fire HD 8.9", and Kindle Fire HD 7") practice any claim of the '045 patent. Amazon denies that it has injured MNI, denies that it is liable to MNI and denies infringement of the '045 patent. Amazon denies the remaining allegations in paragraph 19 of the Complaint.

20.      Amazon denies the allegations in paragraph 20 of the Complaint.

21.      Amazon denies the allegations in paragraph 21 of the Complaint; and specifically denies that any Amazon device infringes any valid and enforceable claim of the '045 patent and denies that MNI has suffered monetary damages, as a result of any of Amazon's activities.

## PLAINTIFF'S PRAYER FOR RELIEF

Amazon denies that Plaintiff is entitled to any relief whatsoever, whether as sought

4

in the  Prayer for Relief of the Complaint or otherwise, in this civil action. To the extent that the Prayer for Relief section of the Complaint is deemed to allege any facts or entitlements to the relief requested, Amazon denies each and every allegation. Specifically, Amazon denies that Plaintiff is entitled to any such relief, including damages, accountings and/or supplemental damages.

## JURY TRIAL DEMANDED

This Paragraph sets forth Plaintiff's request for a jury trial, to which no response is  required.  Amazon requests a trial by jury of any issues so triable.

## GENERAL DENIAL

Amazon denies each and every allegation contained in the Complaint that was not specifically admitted above.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Amazon alleges and asserts the following defenses in  response to the allegations, undertaking the burden of proof only as to those defenses deemed  affirmative defenses by  law,  regardless of  how  such  defenses are  denominated herein. In  addition  to  the  affirmative defenses described below, subject to its responses above, Amazon specifically reserves all  rights to allege additional affirmative defenses that become  known  through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE
### (NO INFRINGEMENT)

1.        Amazon does not infringe and has not infringed any valid and enforceable claim  of the '045 patent, either literally or under the doctrine of equivalents.

**SECOND AFFIRMATIVE DEFENSE**
**(INVALIDITY)**

2.          The asserted claims of the '045 patent are invalid for failure to satisfy the requirements of 35 U.S.C. § 100, *et. seq.*, including, but not limited to, one or more of the following: 35 U.S.C. §§ 101, 102, 103, and 112.

3.          As a first example, the '045 patent attempts to claim patent-ineligible subject matter under 35 U.S.C. § 101 rendering such claim(s) invalid.

4.          As a s e c o n d  example, one or more individual prior art references discloses all limitations of one or more of the '045 patent's asserted claims, rendering such claim(s) invalid as anticipated under 35 U.S.C. § 102.

5.          As a t h i r d example, combinations of prior art references disclose the limitations of one or more of the '045 patent's asserted claims, and a person of ordinary skill in the art at the time the '045 patent was filed would have been motivated to combine those prior art references to achieve the subject matter recited in each such claim(s), rendering one or more of the '045 patent's asserted claims invalid as obvious in view of the prior art under 35 U.S.C. § 103.

**THIRD AFFIRMATIVE DEFENSE**
**(NOTICE AND DAMAGES)**

6.          Plaintiff's claims for damages are statutorily limited under 35 U.S.C. §§ 286-288.

**FOURTH AFFIRMATIVE DEFENSE**
**(FAILURE TO STATE A CLAIM)**

7.          Plaintiff's Complaint and claims for relief fail to state a claim upon which relief can be granted. For example, the '045 patent recites patent-ineligible subject matter under 35 U.S.C. § 101 and therefore cannot support a claim for patent infringement.

## FIFTH AFFIRMATIVE DEFENSE
### (DEDICATION TO THE PUBLIC)

8.         Plaintiff has dedicated to the public all methods, systems, apparatus, and/or

products disclosed in the '045 patent, but not literally claimed therein, and is estopped from claiming

infringement by any such public domain methods, systems, apparatus, and/or products.

## SIXTH AFFIRMATIVE DEFENSE
### (FAILURE TO MITIGATE DAMAGES)

9.         Plaintiff's claims may be barred, in whole or in part, by its failure to mitigate

damages.

## SEVENTH AFFIRMATIVE DEFENSE
### (REVERSE DOCTRINE OF EQUIVALENTS)

10.         Amazon's accused methods and/or systems operate and/or are configured in

ways substantially different in principle from the way the purported invention described in the '045

patent operates and/or is programmed, and Plaintiff cannot sustain its burden of proving otherwise.

## EIGHTH AFFIRMATIVE DEFENSE
### (PROSECUTION HISTORY ESTOPPEL)

11.         The doctrine of prosecution history estoppel precludes a finding of infringement

of any valid and enforceable claim of the '045 patent.

### RESERVATION OF AFFIRMATIVE DEFENSES

Amazon hereby reserves the right to supplement affirmative defenses as discovery

proceeds in this case.

### COUNTERCLAIMS

### PARTIES

1.         Amazon is a Delaware corporation with its principle place of business

at 410 Terry Avenue North, Seattle, Washington 98019.

2.         MNI has alleged that it is a Texas limited liability company.  MNI has

also  alleged that is the owner by assignment of the '045 patent.

## JURISDICTION AND VENUE

3.        This is an action for a declaratory judgment under 28 U.S.C. §§ 2201-2202

adjudging all claims of the '045 patent not infringed by Amazon, adjudging one or more

claims of   the '045 patent invalid, and/or adjudging the '045 patent unenforceable against

Amazon.

4.        This Court has subject matter jurisdiction over these causes of action

pursuant to  28 U.S.C. §§ 1331, 1338(a) and 1367, under the Patent Laws of the United States

of America,  35 U.S.C. § 1 *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C.

§§ 2201 and  2202.

5.        On or about August 5, 2014, MNI filed its "Original Complaint for Patent

Infringement" alleging infringement of the '045 patent in this Court against Amazon.com,

Inc., alone.

6.        As a consequence, there is an actual justiciable controversy between Amazon

and   MNI concerning the alleged infringement by Amazon, the invalidity and the

unenforceability of the  '045 patent.

7.        This Court has personal jurisdiction and venue over MNI, at least because

MNI  has submitted itself to the jurisdiction and venue of this Court.

## FIRST COUNTERCLAIM
### (DECLARATORY JUDGMENT – NONINFRINGEMENT OF THE '045 PATENT)

8.        Amazon repeats and re-alleges the allegations of each Paragraph of the

Answer as if  fully set forth herein.

9.        The making, use, sale, offer for sale and/or importation of any Amazon

apparatus,  system, device, product or method accused of infringing the '045 patent in this

civil action does  not now infringe and has not in the past infringed the '045 patent, literally

or under the doctrine  of equivalents.

10.       No action taken by Amazon and/or on Amazon's behalf now infringes or

in the past  infringed the '045 patent, literally or under the doctrine of equivalents.

11.       A judicial declaration that Amazon has not infringed and does not infringe

any claim  of the '045 patent is necessary and appropriate to resolve this controversy.

## SECOND COUNTERCLAIM
## (DECLATORY JUDGMENT – INVALIDITY OF THE '045 PATENT)

12.       Amazon repeats and re-alleges the allegations of each Paragraph of the

Answer as if  fully set forth herein.

13.       One or more claims of the '045 patent is invalid on the grounds that the

purported   invention  attempted  to  be  patented  therein  fails  to  meet  the  conditions  of

patentability specified  in 35 U.S.C. § 1 *et seq*., including but not limited to 35 U.S.C. §§ 101,

102, 103 and/or 112.

14.       A judicial declaration that one or more of the claims of the '045 patent is

invalid  is necessary and appropriate to resolve this controversy.

## PRAYER FOR RELIEF

WHEREFORE, Amazon prays for judgment as follows:

A.       A judgment dismissing Plaintiff's Complaint against Amazon with prejudice;

B.       A judgment declaring that the '045 patent asserted against Amazon has not

been infringed by Amazon;

C.       A judgment declaring that the claims of the '045 patent are invalid;

D.       That the Court deem this an exceptional case under 35 U.S.C. § 285 and

award Amazon its reasonable costs and expenses of litigation, including attorneys' fees  and

expert witness fees; and

   E.  Such other and further relief as this Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Amazon respectfully requests  a trial by jury of any issues so triable by right.


        Respectfully submitted,


Dated:  November 3, 2014   By:  /s/ *Todd M. Siegel*
            Todd M. Siegel (OR Bar No. 001049)
            todd.siegel@klarquist.com
            James E. Geringer (OR Bar No. 951783)
            james.geringer@klarquist.com
            KLARQUIST SPARKMAN, LLP
            121 S.W. Salmon Street, Suite 1600
            Portland, Oregon  97204
            Telephone:  (503) 595-5300
            Facsimile:  (503) 595-5301

            *COUNSEL FOR DEFENDANT*
            *AMAZON.COM, INC.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 3, 2014 a true and correct copy of the

above and foregoing document has been served on all counsel of record who are deemed to have

consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3)(A).


/s/ *Todd M. Siegel*