**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| MULTIPLAYER NETWORK INNOVATIONS, LLC | § § § | |
| v. | § § | No. 2:14-cv-00825 (JRG-RSP) |
| AMAZON.COM, INC. | § | LEAD CASE |

| | | |
|---|---|---|
| MULTIPLAYER NETWORK INNOVATIONS, LLC | § § § | |
| v. | § § | No. 2:14-cv-845 (JRG-RSP) |
| CANTOR FITZGERALD, L.P. and CANTOR G&W (NEVADA), L.P. | § § | |

**DEFENDANTS' MOTION FOR A PROTECTIVE ORDER TO STAY DISCOVERY**

# TABLE OF CONTENTS

PAGE

Table of Authorities……………………………………………………………………….. ii

Preliminary Statement………………………………………………………………………1

Statement of Facts…………………………………………………………………………..2

Legal Argument…..…………………………………………………………………………6

      I.      Discussion……………………………………………………………………...6

              A.     This Court has broad discretion to stay discovery………………………..6

              B.     Defendants have shown good cause to stay discovery pending a determination on their motion to dismiss………………………………7

              C.     Staying discovery at this early stage in the proceedings will not harm or prejudice plaintiff …………………………………………………….12

Conclusion………………………………………………………………………………….13

# TABLE OF AUTHORITIES

CASES                                                                                                                         PAGES

*Alpine View Co. Ltd. v. Atlas Copco AB*,
    205 F.3d 208 (5th Cir. 2000)……………………………………………………………….8

*Amerital Inns v. Moffat Bros. Plastering, L.C.*,
    No. CV 06-359-S-EJL, 2007 WL 1792323 (D. Idaho June 20, 2007)…………………..8

*Anderson v. U.S. Attorneys Office*,
    No. CIV. A. 91-2262, 1992 WL 159186 (D.D.C. June 19, 1992)………………………7

*Avance v. Kerr-McGee Chemical, LLC*,
    No. 5:04-CV-209, 2005 WL 5315658 (E.D. Tex. July 1, 2005)………………………..8

*Chavous v. District of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*,
    201 F.R.D. 1 (D.D.C. 2001)……………………………………………………………..…7

*Johnson v. N.Y. Univ. Sch. of Educ.*,
    205 F.R.D. 433, 434 (S.D.N.Y. 2002)…………………………………………………12

*Landis v. North Am. Co.*,
    299 U.S. 248 (1936)……………………………………………………………………11

*McCabe v. Foley*,
    233 F.R.D. 683 (M.D. Fla. 2006)……………………………………………………….7

*Miles Bramwell USA, LLC v. Weight Watchers Intern.*, Inc.,
    No. 4:12-CV-292, 2013 WL 1797031 (E.D.TX. Mar. 27, 2013)………………………8

*Mvisible Techs., Inc. v. Mixxer, Inc.*,
    No. 06-61792-CIV-COHN, 2007 WL 809677 (S.D. Fla. Mar. 15, 2007)……………...8

*O'Donnell v. U.S.*,
    62 Fed.Cl. 64 (Fed. Cl. 2004), *appeal dismissed*, 112 Fed.Appx. 36 (Fed. Cir. 2005)..12

*Petrus v. Bowen*,
    833 F.2d 581 (5th Cir. 1987)………………………………………………………….7, 10, 11

*Schism v. U.S.*,
    316 F.3d 1259 (Fed. Cir. 2002), *cert. den.*, 539 U.S. 910 (2003)……………………..12

*Scroggins v. Air Cargo, Inc.*,
    534 F.2d 1124 (5th Cir. 1976))……………………………………………………………..11

*Soverain Software LLC v. Amazon.com, Inc.*,
    356 F. Supp. 2d 660 (E.D. Tex. 2005)……………………………………………………..7

*Vivid Technologies, Inc. v. American Science & Engineering, Inc.*,
    200 F.3d 795 (Fed. Cir. 1999)…………………………………………………………….12

*Wyatt v. Kaplan*,
    686 F.2d 276 (5th Cir. 1982), *rehearing den.*, 686 F.2d 276 (5th Cir. 1982)…………11


RULES                                                                                                   PAGE(S)

Federal Rule of Civil Procedure 12(b)(2)………………………………………..………..….1, 2

Federal Rule of Civil Procedure 26(c)..…………………………………………..………..……7, 8

Federal Rule of Civil Procedure 1………………………………………………..………..…………7

Patent Rule 3-3……………………………………………………………………………………….9-10

Patent Rule 3-4……………………………………………………………………………………….10

**PRELIMINARY STATEMENT**

Defendants, Cantor Fitzgerald, L.P. ("CFLP") and Cantor G&W (Nevada), L.P. ("CG Technology") [1] (collectively, "Defendants"), respectfully submit this motion for a protective order to stay discovery pending the outcome of their motion to dismiss for lack of personal jurisdiction.

Plaintiff, Multiplayer Network Innovations, LLC ("Plaintiff"), initiated the instant action against Defendants alleging that certain of Defendants' mobile gaming products infringe upon Plaintiff's patent. Plaintiff's allegations incorrectly lump both Defendants together and fail to demonstrate personal jurisdiction over Defendants in this forum. CG Technology is a gaming technology company, organized and headquartered in Nevada, whose accused mobile gaming products may only be used, due to both legal constraints and technical features built into the system, within the State of Nevada, the Colusa Indian Community casino in California, a racetrack in New Jersey, and certain foreign country locations. Meanwhile, CFLP is a holding company organized in Delaware with its only place of business in New York. It engages in no activity other than its ownership of subsidiaries, which do not include CG Technology. Indeed, none of CFLP's subsidiaries provide any gaming activities.

As a result of the foregoing undisputed facts, Defendants moved to dismiss the Complaint, with prejudice, for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). That motion is currently pending before this Court and, if resolved in Defendants' favor, would resolve the instant action in its entirety.

Pursuant to the Federal and Local Rules of Civil Procedure, this Court is afforded broad discretion to enter orders with respect to discovery to serve the interests of justice and judicial

---

[1] On January 6, 2014, Cantor G&W (Nevada), L.P. was renamed CG Technology, L.P. (Affidavit of Quinton Singleton, sworn to on September 29, 2014 ("Singleton Aff.") ¶ 1. This affidavit is attached hereto and was previously filed along with Defendants' Motion to Dismiss, dkt # 15.)

economy. A stay pending resolution of a motion to dismiss for lack of personal jurisdiction is particularly appropriate because the basis of the motion is that the lawsuit should not proceed in this forum as a matter of constitutional due process. Defendants' meritorious motion to dismiss Plaintiff's Complaint in its entirety and with prejudice for lack of personal jurisdiction raises a substantial question as to this Court's authority over Defendants. As a result, Defendants respectfully request the Court enter a protective order staying discovery until the resolution of their pending motion to dismiss. District Courts routinely grant such motions when the defendants have shown good cause, no fact-finding would change the outcome of the Court's determination on the pending motion to dismiss, and such order would avoid unnecessary burden and expense for the parties and Court. Indeed, such an order in this case would not prejudice Plaintiff but, instead, would inure to Plaintiff's benefit because the grant of Defendants' motion to dismiss for lack of personal jurisdiction will entirely eliminate the need for discovery.

As set forth in detail below, the Court should exercise its considerable discretion and enter a protective order staying discovery in this case pending the Court's determination of Defendants' motion to dismiss for lack of personal jurisdiction.

## STATEMENT OF FACTS

On August 6, 2014, Plaintiff filed the Complaint in this action alleging patent infringement against Defendants. In response, on September 29, 2014, Defendants filed a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Defendants' motion to dismiss is currently pending before this Court and, if resolved in Defendants' favor, would dispose of this action in its entirety. For the sake of judicial efficiency and economy, Defendants respectfully refer the Court to the Statement of Facts contained in its motion to dismiss for a full and accurate recitation of the relevant facts, which

reveals that Defendants have no connection to this forum and, as a result, this action should be dismissed against them for lack of personal jurisdiction. The following Statement of Facts is intended only to highlight those facts germane to the instant motion for the Court's ease of reference.

**The Defendants Have No Connection to This Forum**

CFLP is a parent holding limited partnership that operates through various subsidiaries and affiliates that collectively make up a leading, global financial services firm. (Affidavit of Kimberlee Malaska, sworn to on September 26, 2014 ("Malaska Aff.") ¶ 2. This affidavit is attached hereto and was previously filed along with Defendants' Motion to Dismiss, dkt # 15.) CFLP was organized under Delaware law and its only place of business is in New York. (*Id.* ¶ 4; *see also* Compl. ¶ 13.) Apart from owning subsidiaries, CFLP does not engage in any business of its own. (Malaska Aff. ¶ 2.) It does not maintain any offices, sell any products, or employ any individuals in Texas. (*Id.* ¶ 5.) It does not have any property, agents, bank accounts, or records in Texas. (*Id.*) CFLP is not registered to do business in Texas and has no agent for service of process in Texas. (*Id.*) Significantly, as CFLP has publicly disclosed in press releases, it holds *no* equity stake in CG Technology. (Malaska Aff. ¶ 6; Singleton Aff. ¶ 5.) Indeed, neither CFLP nor any of its subsidiaries offer gaming.

CG Technology is a preeminent technology company that provides innovative technological products serving the gaming industry. (Singleton Aff. ¶ 2.) Among other things, the company develops casino and sports gambling with fixed and mobile platforms for casinos and a racetrack. (*Id.*) CG Technology is a Nevada limited partnership with a principal place of business in Nevada. (*Id.* ¶ 3; *see also* Compl. ¶ 14.) It does not maintain any offices, sell any products, or employ any individuals in Texas. (Singleton Aff. ¶ 4.) It does not have any

property, agents, bank accounts, or records in Texas. (*Id.*) CG Technology is not registered to do business in Texas and has no agent for service of process in the State of Texas. (*Id.*)

**The Accused Cantor Games**

Plaintiff alleges that Defendants provide access to certain mobile games, but fails to describe the nature or mechanics of these games. (Compl. ¶ 26.) In general, CG Technology developed a group of casino and sports gambling for computers and mobile devices using state-of-the-art, proprietary technology (the "CG Games"). (Singleton Aff. ¶ 6.) CFLP – which has no equity stake in CG Technology – did not develop, promote, offer, or support the CG Games. (Malaska Aff. ¶ 8.)

Users can only play the CG Games in the State of Nevada, the casino of the Colusa Indian Community in California, a racetrack in New Jersey, and certain foreign country locations (the "Authorized Areas"). (Singleton Aff. ¶ 9.) The system forces login and game play functionality to cease once a player leaves the Authorized Areas. (*Id.*) Indeed, some of the Cantor Games only operate on the premises of certain casino resorts and the racetrack within the Authorized Areas. (*Id.*) Individuals who wish to open an account to play the Cantor Games can only do so in the Authorized Areas. (*Id.* ¶ 10.) All of this is driven by the limited legality of gaming and technical constraints built into the system. CG Technology advises users on its and third-party websites that the Cantor Games will not operate outside of the Authorized Areas. (*Id.* ¶ 11; Ex 1.)

**Plaintiff's Jurisdictional Allegations Are Insufficient**

Despite Defendants' foreign states of organization and principal places of business, as well as the territorial limitations of the Cantor Games, the Complaint nevertheless contains several unsupported allegations purporting to show that personal jurisdiction over both Defendants lies in Texas.

77989 v8                                   4

First, Plaintiff alleges in conclusory fashion that Defendants, directly or indirectly, avail themselves of the benefits of doing business in Texas. (Compl. ¶ 16.) As with Plaintiff's remaining jurisdictional allegations, this threadbare assertion erroneously lumps both Defendants together. Second, Plaintiff alleges, on information and belief, Defendants have offices in Texas. (Compl. ¶ 17.) In fact, neither of the Defendants have any offices in Texas. (Malaska Aff. ¶ 5; Singleton Aff. ¶ 4.) Third, Plaintiff alleges, on information and belief, Defendants offer their products in the State of Texas. (Compl. ¶ 18.) As aforesaid, CFLP has no ownership interest in CG Technology. (Malaska Aff. ¶ 6; Singleton Aff. ¶ 5.) It likewise plays no role in "offering" the Cantor Games or any other games. (Malaska Aff. ¶ 8; Singleton Aff. ¶ 13.) CF Technology cannot offer CG Games to residents in Texas for regulatory reasons, as the games cannot be used outside of the Authorized Areas.

Fourth, the Complaint alleges, on information and belief, Defendants send checks to Texas addressed to users who wish to withdraw money from their accounts. (Compl. ¶ 18.) Once again, CFLP does not send any checks to users of the Cantor Games who withdraw their accounts, since it is a parent holding entity with no partnership stake in CG Technology. (Malaska Aff. ¶ 13.) CG Technology solely sends checks from its offices in Nevada. (Singleton Aff. ¶ 15.) It would only send checks to Texas if a customer directs it to do so. (*Id.*) There is no case holding that sending a check someplace, at a third-party's direction, is a jurisdictionally significant act, except perhaps in a suit on the check itself. This, obviously, is not such a case.

Fifth, Plaintiff alleges, on information and belief, Defendants advertise and market the Cantor Games to residents of Texas through the website, CG TECHNOLOGY, http://www.cgtglobal.com (the "CG Website"). (Compl. ¶ 19.) Plaintiff also claims Defendants have marketed the Cantor Games to residents of Texas through certain tutorial and promotional

videos posted on the CG Website and third-party websites. (*See id.* ¶ 20.) Yet, CFLP does not own or maintain the CG Website, nor does it select the content thereon. (Malaska Aff. ¶ 14.) CFLP does not create or host any of the tutorial or promotional videos alleged in the Complaint. (*Id.*) The content on the CG Website, and the promotional and tutorial videos alleged in the Complaint, are available nationwide and globally, and is not targeted at consumers residing in Texas. (Singleton Aff. ¶ 16.) Last, the Complaint alleges, on information and belief, that Cantor targets Texas residents by posting sports book point spreads for certain Texas Professional Sports teams. (Compl. ¶ 19.) To the contrary, neither Defendant targets Texas. CG publishes point spreads in the State of Nevada for a broad number of sports teams, and numerous media outlets publish point spreads across the U.S. and worldwide for a wide number of sports teams. (Singleton Aff. ¶ 17.)

## LEGAL ARGUMENT

**I.  DISCUSSION**

  **A. THIS COURT HAS BROAD DISCRETION TO STAY DISCOVERY**

The Federal Rules of Civil Procedure ("Rule") and the Eastern District of Texas' Patent Rules ("Patent Rule") endow this Court with substantial discretion to stay discovery where good cause to do so has been shown. Specifically, district courts may stay discovery where there is no issue of fact that, if resolved in favor of the plaintiff, would overcome a defendant's motion to dismiss for lack of personal jurisdiction. Further, district courts routinely enter protective orders to protect litigants from annoyance, embarrassment, oppression, or undue burden or expense.

Defendants' meritorious motion to dismiss Plaintiff's Complaint in its entirety and with prejudice for lack of personal jurisdiction raises a substantial question as to this Court's authority over Defendants. As a result, the Court should enter a protective order staying discovery in this

matter until the dispositive issues raised by Defendants' motion to dismiss have been adjudicated.

### B. DEFENDANTS HAVE SHOWN GOOD CAUSE TO STAY DISCOVERY PENDING A DETERMINATION ON THEIR MOTION TO DISMISS

Pursuant to Rule 26, a court has discretion with respect to discovery to "make any order which justice requires," such as orders to stay discovery, for "good cause shown." Fed. R. Civ. P. 26(c). Further, the Rules state they "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. A district court has "the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005). A party shows good cause for a stay of discovery where disposition of a motion would render any discovery unnecessary. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."); *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006); *Anderson v. U.S. Attorneys Office*, No. CIV. A. 91-2262, 1992 WL 159186, at *1 (D.D.C. June 19, 1992) ("It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending."); *Chavous v. District of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.").

The Court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense". Fed. R. Civ. P. 26(c). Specifically, the Court may "limit discovery if the burden or expense of the proposed discovery

outweighs the likely benefits of the discovery, taking into account the needs of the case, the amount in controversy, that parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *Avance v. Kerr-McGee Chemical, LLC*, No. 5:04-CV-209, 2005 WL 5315658, at *2 (E.D. Tex. July 1, 2005); Fed. R. Civ. P. 26(c). "The district court has broad discretion in discovery matters and its rulings will be reversed only on an abuse of that discretion." *Id.* (granting the defendant's motion for a protective order where the information sought was irrelevant, the requests were overbroad, and any marginal relevance of information is outweighed by the burden and expense of the proposed discovery); *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 220 (5th Cir. 2000) (holding that the district court did not abuse its discretion in dismissing appellants' claims without affording them discovery relating to defendants' delivery of products into the stream of commerce); *accord Miles Bramwell USA, LLC v. Weight Watchers Intern.*, Inc., No. 4:12-CV-292, 2013 WL 1797031, at *4 (E.D.TX. Mar. 27, 2013), *report and recommendation adopted by* 2013 WL 1793934 (granting defendant's motion to dismiss for lack of jurisdiction and denying plaintiff discovery where it would serve no purpose because lack of jurisdiction was clear).

District Courts routinely hold that it is appropriate to stay discovery where personal jurisdiction is at issue. *See, e.g., Mvisible Techs., Inc. v. Mixxer, Inc.*, No. 06-61792-CIV-COHN, 2007 WL 809677 (S.D. Fla. Mar. 15, 2007) (granting defendants' motion to stay discovery pending resolution of motion to dismiss for lack of personal jurisdiction, subject to order permitting limited discovery on issues relevant to jurisdictional inquiry); *see also Amerital Inns v. Moffat Bros. Plastering, L.C.*, No. CV 06-359-S-EJL, 2007 WL 1792323 (D. Idaho June 20, 2007) (stay of discovery is appropriate until resolution of defendant's motion to dismiss for lack of personal jurisdiction). A stay pending resolution of a motion to dismiss for lack of

personal jurisdiction is particularly appropriate because the basis of the motion is that the lawsuit should not proceed in this forum as a matter of constitutional due process.

Good cause exists for a stay of discovery in this case because the grant of Defendants' motion to dismiss for lack of personal jurisdiction will entirely eliminate the need for discovery. As set forth in their motion to dismiss, Defendants demonstrate there is no connection between themselves and the forum. Neither of the Defendants is incorporated or do business in the State of Texas, nor does CG Technology target Texas consumers or sell products to them either directly or indirectly. (Malaska Aff. ¶ 5; Singleton Aff. ¶¶ 4, 14.) In fact, CFLP sells no products whatsoever, as it is only a holding company, and CG Technology can only sell CG Games in Authorized Areas under applicable regulations in the gaming industry. *Id.* Additionally, none of CFLP's subsidiaries offer gaming. Thus, there is no question of fact that would merit substantive or jurisdictional discovery in this case. Rather, the Court may determine as a matter of law that personal jurisdiction over Defendants has not, and cannot, be obtained in the forum. To protect Defendants' constitutional rights, the Court should stay discovery pending an adjudication of their motion to dismiss for lack of personal jurisdiction.

The need to stay discovery is especially apparent here given the broad nature of the discovery obligations imposed by both the Federal and Local Rules. The Local Patent Rules and the scheduling orders in this case require Defendants to make substantial initial disclosures and begin document production by November 24, 2014, and further require Defendants to produce significant additional discovery by December 15, 2014. Specifically, P.R. 3-3 concerning invalidity contentions states, in pertinent part, as follows:

> [E]ach party opposing a claim of patent infringement, shall serve on all parties its "Invalidity Contentions" which must contain the following information: (a) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it

> obvious…(b) Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified; (c) A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found…; and (d) Any grounds of invalidity based on indefiniteness…or enablement or written description…of any of the asserted claims.

Further, P.R. 3-4 requires Defendants to produce documents or make them available for inspection, as follows:

> With the "Invalidity Contentions," the party opposing a claim of patent infringement must produce or make available for inspection and copying: (a) Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant…; and (b) A copy of each item of prior art identified pursuant to P.R. 3-3(a) which does not appear in the file history of the patent(s) at issue…

Collecting, reviewing, and producing such discovery to Plaintiff by December 15, 2014, prior to the Court's disposition on the pending motion to dismiss, would be unduly burdensome and result in unnecessary expense. To permit such burdensome and costly discovery to proceed where personal jurisdiction over Defendants has not been obtained would offend notions of fair play and substantial justice. Further, such discovery would be irrelevant to the question of whether Defendants have contacts with the forum and, thus, would serve no purpose at this stage in the proceedings.[2] Thus, the Court should enter a protective order staying discovery.

For example, in *Petrus v. Bowen*, 833 F.2d 581 (5th Cir. 1987), the plaintiff brought an action against individual employees of a federal agency under the Freedom of Information and Privacy Acts. The defendants moved to dismiss on the basis that the plaintiff should have named

---

[2] Although Plaintiff requested jurisdictional discovery in its opposition to Defendants' motion to dismiss, it has not identified any inaccessible information that could establish personal jurisdiction over Defendants. In fact, no such information exists because Defendants have no contacts with the forum. As a result, Plaintiff's request for jurisdictional discovery should be denied.

federal agencies rather than federal employees. The Fifth Circuit affirmed the District Court's grant of the defendants' motion to stay discovery while the motion to dismiss was pending, reasoning that **"[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined**. Nothing that [plaintiff] could have learned through discovery could have affected the resolution of the defendants' 12(b)(6) motion." *Id.* at 583 (emphasis supplied) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) and *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976)). The district court, thus, properly deferred discovery where the defendants were not proper parties to the action. *Id.*

Similarly, in *Wyatt v. Kaplan*, 686 F.2d 276, 279 (5th Cir. 1982), *rehearing den.*, 686 F.2d 276 (5th Cir. 1982), the plaintiff brought an appeal, in which he argued the district court committed reversible error, in part, by granting the defendant a protective order staying discovery pending disposition of its motion to dismiss. *Id.* Noting that the district court has broad discretion in all discovery matters and that the "scope of permissible discovery is limited by the requirement of relevance" the Fifth Circuit stated "[i]t is not error to deny discovery when there is no issue of material fact." *Id.* at 284. "**When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted…** Accordingly, this Court affirms denials of discovery on questions of personal jurisdiction in cases where the discovery sought could not have added any significant facts." *Id.* (emphasis supplied) (internal citation omitted). Since discovery would have served no purpose, the Fifth Circuit held the plaintiff was not entitled to discovery to establish personal jurisdiction over defendants. *Id.* at 285.

Here, as in *Petrus* and *Wyatt*, no amount or kind of discovery will change the undisputed fact that Defendants have no contacts with this forum and, as a result, discovery should be stayed

pending the resolution of their motion to dismiss. *See Vivid Technologies, Inc. v. American Science & Engineering, Inc.*, 200 F.3d 795, 803-04 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved… Thus the court's management of discovery at the claim construction stage may serve the salutary goals of speed and economy, and is appropriate in cases in which the dispute may be resolved at this stage without compromise of justice."); *see also Schism v. U.S.*, 316 F.3d 1259, 1300 (Fed. Cir. 2002), *cert. den.*, 539 U.S. 910 (2003) (district court did not err by staying further discovery pending resolution of the defendant's motion for summary judgment); *O'Donnell v. U.S.*, 62 Fed.Cl. 64 (Fed. Cl. 2004), *appeal dismissed*, 112 Fed.Appx. 36 (Fed. Cir. 2005) (order staying discovery by plaintiffs pending resolution of defendant's motion to dismiss was not appealable); *Yerke v. U.S. Postal Service*, 70 Fed.Appx. 536 (Fed. Cir. 2003) (administrative judge did not err in staying discovery pending decision of jurisdictional issue because plaintiff did not show, and could not show, that discovery would have changed outcome of case).

### C. STAYING DISCOVERY AT THIS EARLY STAGE IN THE PROCEEDINGS WILL NOT HARM OR PREJUDICE PLAINTIFF

Moreover, Plaintiff will suffer no harm or prejudice from a stay of discovery pending the outcome of Defendants' motion to dismiss. *See Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (finding that a stay of discovery was proper where plaintiff failed to demonstrate prejudice by a stay). A delay in discovery would not prejudice plaintiff's ability to respond to the motion to dismiss because that motion has been fully briefed. Moreover, a stay of discovery will benefit all parties, as it will prevent them from incurring potentially unnecessary costs and from expending unnecessary effort.

## CONCLUSION

For the foregoing reasons and authorities, the Court should stay discovery pending the Court's resolution of Defendants' motion to dismiss for lack of personal jurisdiction. Further, the Court should issue a protective order reflecting that discovery will be stayed up to and until the time that the Court rules on Defendants' motion to dismiss.

November 14, 2014                            Respectfully submitted,

*/s/ Robert Christopher Bunt*
Robert Christopher Bunt
State Bar No. 00787165
PARKER, BUNT & AINSWORTH, P.C.
rcbunt@pbatyler.com
100 E. Ferguson, Suite 1114
Tyler, TX 75702
Tel:    (903) 531-3535
Fax:   (903) 533-9687

*Attorneys for Defendants Cantor Fitzgerald, L.P. and Cantor G&W (Nevada), L.P.*

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was filed electronically on November 14, 2014, in compliance with Local Rule CV-5(a). Thus, the document was served on all counsel that have consented to electronic service under Local Rule CV-5(a)(3)(A). Any other counsel of record or *pro se* parties will be served by electronic mail, facsimile transmission, or first class mail on this date.

*/s/ Robert Christopher Bunt*
ROBERT CHRISTOPHER BUNT

## **CERTIFICATE OF CONFERENCE**

The undersigned certifies that on November 14, 2014, counsel for Defendants complied with the meet and confer requirement of Local Rule CV-7(h). Chris Bunt, counsel for Defendants, spoke to Elizabeth DeRieux, counsel for Plaintiff. Mrs. DeRieux confirmed that Plaintiff is opposed to this motion. Therefore, the parties are at an impasse.

>*/s/ Robert Christopher Bunt*
>ROBERT CHRISTOPHER BUNT