# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MULTIPLAYER NETWORK INNOVATIONS, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> AMAZON.COM, INC. <br><br> *Defendants.* | Civil Action No. 2:14-cv-00825-JRG-RSP <br><br> **LEAD CASE** |
| MULTIPLAYER NETWORK INNOVATIONS, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> HUAWEI DEVICE USA, INC. <br><br> *Defendant.* | Civil Action No. 2:14-cv-00834-JRG-RSP <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANT HUAWEI DEVICE USA, INC.'S
## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
## TO ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Defendant Huawei Device USA, Inc. ("Huawei") hereby files its Answer, Affirmative Defenses, and Counterclaims ("Answer") to Plaintiff Multiplayer Network Innovations, LLC's ("MNI") Original Complaint for Patent Infringement ("Complaint") [Doc. 1] as follows:

# I.
# ANSWER

## Background

1. Huawei lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

2. Huawei lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

3. Huawei lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

4. Huawei lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

5. Huawei lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

6. Huawei lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

7. Huawei lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

8. Huawei lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

9. Huawei lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

10. Huawei lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

11. Huawei admits that the '045 Patent is entitled "Interactive Multiple Player Game System and Method of Playing A Game Between at Least Two Players." Huawei admits that the face of the '045 Patent indicates that it issued on April 8, 1997 from a patent application filed on February 8, 1995. Huawei lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

### Parties

12. Huawei lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

13. Huawei admits the allegations in this paragraph.

14. Huawei admits the allegations in this paragraph.

15. Huawei admits the allegations in this paragraph.

16. Huawei admits the allegations in this paragraph.

### Jurisdiction and Venue

17. Huawei admits the allegations in this paragraph.

18. Huawei denies the allegations in this paragraph but does not dispute that the Court has personal jurisdiction over it.

19. Huawei denies the allegations in this paragraph but does not dispute that venue is proper in this Court.

### Count I
### Infringement of U.S. Patent No. 5,618,045

20. Huawei incorporates by reference paragraphs 1-19 above, as if fully set forth herein.

21. Huawei denies the allegations in this paragraph.

22. Huawei denies the allegations in this paragraph.

23. Huawei denies the allegations in this paragraph.

24. Huawei denies the allegations in this paragraph.

## Prayer for Relief

Huawei denies that MNI is entitled to any of the relief it seeks. MNI's prayer for relief should, therefore, be denied in its entirety and with prejudice, and MNI should take nothing.

## Jury Trial Demanded

MNI's jury demand requires no answer. Huawei also demands a jury trial on all issues so triable.

## II.
## AFFIRMATIVE DEFENSES

Huawei asserts the following Affirmative Defenses listed below. Huawei reserves the right to amend its Answer, including asserting additional defenses and counterclaims consistent with the facts discovered in the case.

### First Affirmative Defense (Non-Infringement)

1. Huawei has not infringed and is not infringing, either literally or under the doctrine of equivalents, directly, contributorily, by inducement, or jointly, any valid and enforceable claim of the '045 Patent.

### Second Affirmative Defense (Invalidity)

2. One or more of the claims of the '045 Patent are invalid because they fail to satisfy one or more conditions for patentability specified in Title 35 of the United States Code, including, *inter alia*, §§ 101, 102, 103, and/or 112 and the applicable provisions of Title 37 of the Code of Federal Regulations.

**Third Affirmative Defense (Prosecution History Estoppel)**

3. MNI's claims are barred, in whole or in part, by prior art and/or statements and representations made to and by the United States Patent & Trademark Office ("PTO") during prosecution of the '045 Patent or application related thereto, such that the patent is so limited that none of its claims can be construed as covering any activity of Huawei.

**Fourth Affirmative Defense (Laches, Waiver and Estoppel)**

4. MNI's claims are barred based on laches, waiver, and estoppel.

**Fifth Affirmative Defense (Licenses, Releases, Covenants Not to Sue, and Patent Exhaustion)**

5. MNI's claims are barred, in whole or in part, based on licenses, releases, covenants not to sue, and patent exhaustion.

**Sixth Affirmative Defense (Limitation of Damages)**

6. MNI's damages are barred, in whole or in part, under 35 U.S.C. §§ 286, 287 and/or 288.

**Reservation of Affirmative Defenses**

7. Huawei reserves the right to assert additional affirmative defenses based on future discovery or further factual investigation of this case, including the doctrine of acquiescence, laches, patent misuse, inequitable conduct, waiver, unclean hands, and/or other applicable equitable doctrines.

## III.
## HUAWEI'S COUNTERCLAIMS

Without admitting any of the allegations of the Complaint other than those expressly admitted herein, and without prejudice to Huawei's right to plead additional counterclaims as the facts of the matter warrant, Huawei hereby asserts the following counterclaims against MNI:

## The Parties

1. Counterclaimant Huawei Device USA, Inc. is a Texas corporation with its principal place of business at 5700 Tennyson Parkway, Suite 600, Plano, TX 75024.

2. On information and belief, based on MNI's allegations set forth in the Complaint, counterclaim defendant MNI is a Texas limited liability company purporting to be the exclusive owner of the patents-in-suit by assignment.

## Jurisdiction and Venue

3. The counterclaims include claims for declaratory judgment of patent non-infringement and patent invalidity, and jurisdiction is proper under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq., concerning actions related to patents, and 28 U.S.C. §§ 1331, 1332, and 1338.

4. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

5. This Court has personal jurisdiction over MNI by virtue of MNI's filing of the Complaint against Huawei in this Court.

## General Allegations

6. On August 5, 2014, MNI filed the Complaint in the United States District Court for the Eastern District of Texas, Marshall Division. The Complaint is docketed under Case Number 2:14-cv-00834. The Complaint alleges that Huawei has been and is now infringing U.S. Patent No. 5,618,045 ("the '045 Patent").

7. In Paragraph 11 of the Complaint, MNI alleges that it "is the owner by assignment of the MNI patent."

8. An actual and justiciable controversy has arisen and presently exists between the parties to which Huawei desires a declaration of rights pursuant to 28 U.S.C. § 2201(a) and Rule 57 of the Federal Rules of Civil Procedure.

**Count One:**
**Declaratory Relief Regarding Non-Infringement of U.S. Patent No. 5,618,045**

9. Huawei incorporates by reference each of the foregoing paragraphs of its Counterclaims as though fully set forth herein.

10. Huawei does not and has not infringed, contributed to the infringement, or induced infringement of any valid claim of the '045 Patent.

11. Huawei is entitled to a declaratory judgment that it is not infringing and has not infringed any valid claim of the '045 Patent literally, under the doctrine of equivalents, contributorily, jointly, willfully, or by inducement.

**Count Two:**
**Declaratory Relief Regarding Invalidity of U.S. Patent No. 5,618,045**

12. Huawei incorporates by reference each of the foregoing paragraphs of its Counterclaims as though fully set forth herein.

13. One or more claims of the '045 Patent are invalid for failure to comply with the provisions of the Patent Laws 35 U.S.C. §§ 1, et seq., including, but not limited to, one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

14. Huawei is entitled to a declaratory judgment that one or more claims of the '045 Patent are invalid.

# IV.
# DEMAND FOR JURY TRIAL

Huawei demands a trial by jury on all issues so triable.

# V.
# PRAYER FOR RELIEF

WHEREFORE, Huawei respectfully prays that this Court:

A. Dismiss with prejudice the Complaint in its entirety and award MNI nothing by its Complaint;

B. Render judgment in favor of Huawei;

C. Adjudge, declare, and decree that Huawei has not infringed, and is not infringing, either literally or by equivalents, directly, contributorily, by inducement, or jointly, any valid claim of the '045 Patent;

D. Adjudge, declare, and decree that one or more claims of the '045 Patent are invalid;

E. Adjudge, declare, and decree that this is an exceptional case under 35 U.S.C. § 285 and award Huawei its costs and attorneys' fees;

F. Award Huawei its costs of suit incurred in this action; and

G. Award Huawei any other relief to which it is entitled or as the Court deems just and proper.

Respectfully submitted,

*/s/ Kelly P. Chen*
**JAMIL N. ALIBHAI**
Texas State Bar No. 00793248
jalibhai@munckwilson.com
**ROBERT D. MCCUTCHEON**
Texas State Bar No. 00789480
rmccutcheon@munckwilson.com
**KELLY P. CHEN**
Texas State Bar No. 24062664
kchen@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
12770 Coit Road, Ste. 600
Dallas, Texas 75251
(972) 628-3600 Telephone
(972) 628-3616 Facsimile

**COUNSEL FOR DEFENDANT HUAWEI DEVICE USA, INC.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been served via the Court's CM/ECF to all counsel of record in accordance with the Federal Rules of Civil Procedure on November 26, 2014.

*/s/ Kelly P. Chen*
Kelly P. Chen