UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **MULTIPLAYER NETWORK INNOVATIONS, LLC,**<br><br>*Plaintiff*,<br><br>vs.<br><br>**AMAZON.COM, INC.,**<br><br>*Defendant.* | No. 2:14-cv-825-JRG-RSP<br><br>**LEAD CONSOLIDATED CASE** |
| **MULTIPLAYER NETWORK INNOVATIONS, LLC,**<br><br>*Plaintiff*,<br><br>vs.<br><br>**IRON GALAXY STUDIOS, LLC,**<br><br>*Defendant.* | No. 2:14-cv-948-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT IRON GALAXY STUDIOS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Defendant Iron Galaxy Studios, LLC. ("Iron Galaxy"), by and through its counsel, hereby files this Answer and Affirmative Defenses to the Original Complaint for Patent Infringement filed by Plaintiff Multiplayer Network Innovations, LLC ("MNI"):

## BACKGROUND

1. MNI holds U.S. Patent No. 5,618,045 (the, "MNI patent" or the, "'045 patent"), a patent invented by Dr. Michael Kagan and Ian Solomon.

**ANSWER:** Iron Galaxy lacks sufficient information to form a belief as to the allegations of this paragraph and on that basis denies them.

2. Dr. Kagan is a noted scholar and inventor. He holds a PhD in chemistry from Hebrew University in Jerusalem and is the author of numerous books and journal articles relating to technology, chemistry, and religion. Dr. Kagan's articles have been published in the journals including Nature and the Journal of Medicinal Chemistry.

**ANSWER:** Iron Galaxy lacks sufficient information to form a belief as to the allegations of this paragraph and on that basis denies them.

3. Dr. Kagan is the inventor of ten United States patents.

**ANSWER:** Iron Galaxy lacks sufficient information to form a belief as to the allegations of this paragraph and on that basis denies them.

4. Ian Solomon is an inventor and entrepreneur who is the co-founder of medical device makers SteadyMed Therapeutics, Inc. and Aespira Ltd.

**ANSWER:** Iron Galaxy lacks sufficient information to form a belief as to the allegations of this paragraph and on that basis denies them.

5. During the mid-1990's, Dr. Kagan and Mr. Solomon conceived of a way for electronic devices to communicate with one another for the playing of computer games.

**ANSWER:** Iron Galaxy lacks sufficient information to form a belief as to the allegations of this paragraph and on that basis denies them.

6.      Dr. Kagan and Mr. Solomon's idea was conceived in part against the backdrop of the conflict in the Middle East. The idea was to use wirelessly connected gaming devices to open up channels of communication between people with divergent views.

**ANSWER:** Iron Galaxy lacks sufficient information to form a belief as to the allegations of this paragraph and on that basis denies them.

7.      Among Dr. Kagan and Mr. Solomon's inventions are inventions relating to the use of a device to enable two or more people to play a game over a wireless network.

**ANSWER:** Iron Galaxy lacks sufficient information to form a belief as to the allegations of this paragraph and on that basis denies them.

8.      Dr. Kagan and Mr. Solomon's inventions have useful applications to fields such as video gaming hardware and software, smartphone hardware and software, and casino gaming hardware and software, among others.

**ANSWER:** Iron Galaxy lacks sufficient information to form a belief as to the allegations of this paragraph and on that basis denies them.

9. Leading technology companies including Microsoft Corporation, Apple, Inc., Intel Corporation, Google Corporation, and Samsung Electronics Co. Ltd. have cited the MNI patent numerous times.

**ANSWER:** Iron Galaxy lacks sufficient information to form a belief as to the allegations of this paragraph and on that basis denies them.

10. Over 325 issued United States patents cite the MNI patent.

**ANSWER:** Iron Galaxy lacks sufficient information to form a belief as to the allegations of this paragraph and on that basis denies them.

11. Plaintiff is the owner by assignment of the MNI patent. The MNI patent is entitled "Interactive Multiple Player Game System and Method of Playing A Game Between at Least Two Players." The MNI patent issued on April 8, 1997, based on a patent application filed on February 8, 1995. A true and correct copy of the MNI patent is attached hereto as Exhibit A.

**ANSWER:** Iron Galaxy admits that the U.S. Patent No. 5,618,045 (the "'045 patent") is entitled "Interactive Multiple Player Game System and Method of Playing A Game Between at Least Two Players" and that it bears an issuance date, on its face, of April 8, 1997. Iron Galaxy admits that what appears to be a copy of the '045 patent is attached to the Complaint as Exhibit A. Iron Galaxy lacks sufficient information to form a belief as to the remaining allegations of this paragraph and on that basis denies them.

**PARTIES**

12. Plaintiff is a Texas limited liability company.

4

**ANSWER:** Iron Galaxy lacks sufficient information to form a belief as to the allegations of this paragraph and on that basis denies them.

13. On information and belief, Defendant Iron Galaxy Studios, LLC is a limited liability corporation organized and existing under the laws of Illinois, with its principal place of business at 1901 N. Clybourn St., Suite 400, Chicago, IL 60614.

**ANSWER:** Iron Galaxy admits the allegations of this paragraph.

## JURISDICTION AND VENUE

14. This action arises under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** This paragraph sets forth legal conclusions to which no response is required. Iron Galaxy admits that the Complaint refers to the United States patent laws and that this Court has subject matter jurisdiction over claims arising under United States patent laws. Except as expressly admitted, Iron Galaxy denies the allegations of this paragraph.

15. This Court has personal jurisdiction over Defendant because, among other reasons, Defendant has established minimum contacts with the forum state of Texas. Defendant, directly and/or through third-party intermediaries, make, use, import, offers for sale, and/or sell products within the state of Texas, and particularly within the Eastern District of Texas. Thus, Defendant has purposefully availed itself of the benefits of doing business in the State of Texas

and the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

**ANSWER:** To the extent this paragraph sets forth legal conclusions, no response is required. Iron Galaxy does not contest personal jurisdiction in this District solely for the purpose of this action. Iron Galaxy specifically denies that it has committed any acts of infringement within this District or any other District. Iron Galaxy denies all remaining allegations of this paragraph.

16. On information and belief, Defendant offers their multiplayer video game products to residents of Texas via websites accessible to residents of Texas.

**ANSWER:** Iron Galaxy admits that its video game products are accessible via Iron Galaxy's website. Iron Galaxy denies that it directly targets residents of Texas, either via its website or otherwise. Except as expressly admitted, Iron Galaxy denies the allegations of this paragraph.

17. On information and belief, Defendant advertises and markets their video game products to residents of Texas through the website, "Iron Galaxy Studios" located at http://www.irongalaxystudios.com and "Divekick" located at http://www.divekick.com, which are accessible to residents of Texas.

**ANSWER:** Iron Galaxy admits that it operates a website having the URL of http://www.irongalaxystudios.com and a website having the URL of http://www.divekick.com. Except as expressly admitted, Iron Galaxy denies the allegations of this paragraph.

18. Venue is proper in this District under 28 U.S.C. §§ 1391 (b)-(c) and 1400(b) because Defendant is subject to personal jurisdiction in this District, has transacted business in this district and has committed acts of patent infringement in this district.

**ANSWER:** Iron Galaxy admits that venue is proper in the Eastern District of Texas for purposes of this action. Iron Galaxy denies that venue in this District is convenient for the parties and witnesses in this action. Iron Galaxy denies that it has committed any acts of infringement in this District or in any other District, or that it has committed any acts of any kind giving rise to this action. Iron Galaxy denies the remaining allegations of this paragraph.

## COUNT I

### (Infringement of U.S. Patent No. 5,618,045)

19. Plaintiff MNI realleges and incorporates by reference paragraphs 1-18 above, as if fully set forth herein.

**ANSWER:** Iron Galaxy incorporates by reference its responses to paragraphs 1-18 above, as if fully set forth herein.

20. Defendant makes, uses, sells, and offers for sale in the United States products and/or services for multiplayer gaming.

**ANSWER:** Iron Galaxy admits that it is a video game software developer and that its video games may be developed, used, sold, or offered for sell in the United States. Unless expressly admitted, Iron Galaxy denies the allegations of this paragraph.

21.     Defendant has infringed and continues to infringe the MNI patent by, among other things, making, using, offering for sale, and/or selling multiple player games and/or services covered by one or more claims of the MNI patent. Such products and/or services include, by way of example and without limitation, Divekick, the use of which are covered by one or more claims of the MNI patent, including but not limited to claim 8. By making, using, offering for sale, and/or selling such products and services covered by one or more claims of the MNI patent, Defendant has injured MNI and is liable to MNI for infringement of the MNI patent pursuant to 35 U.S.C. § 271(a).

**ANSWER:** Iron Galaxy denies the allegations of this paragraph.

22.     Defendant has infringed indirectly and continues to infringe indirectly the '045 patent by active inducement under 35 U.S.C. § 271(b).

**ANSWER:** Iron Galaxy denies the allegations of this paragraph.

23.     Upon information and belief, Defendant has had knowledge of the '045 patent since at least as early as being served with this complaint.

**ANSWER:** Iron Galaxy admits that it learned of the '045 patent for the first time when served with a copy of this Complaint. Except as specifically admitted, Iron Galaxy denies the allegations in this paragraph.

24.     On information and belief, Defendant has intended and continues to intend to induce patent infringement by third-party users of mobile games and has had knowledge that the inducing acts would cause infringement or has been willfully blind to the possibility that its

inducing acts would cause infringement. For example, Defendant provides access to multiple player games such as Divekick, as well as instructions on how to download and play the games in a manner that infringes the '045 patent to end users. By downloading and/or playing these games in the manner taught by Defendant, end users directly infringe at least Claim 8 of the '045 patent. By continuing to provide these games as well as instructions on how to download and play the games in a manner described in Claim 8 of the '045 patent, Defendant has and continues to specifically intend to induce infringement of the '045 patent.

**ANSWER:** Iron Galaxy denies the allegations of this paragraph.

25. To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '045 patent.

**ANSWER:** This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, Iron Galaxy denies the allegations of this paragraph.

26. As a result of Defendant's infringement of the '045 patent, MNI has suffered monetary damages. MNI seeks an award of damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

**ANSWER:** Iron Galaxy denies the allegations in this paragraph.

## ANSWER TO MNI'S PRAYER FOR RELIEF

Iron Galaxy denies that MNI is entitled to any relief whatsoever in this action, whether as sought in the Prayer for Relief or otherwise.

## JURY TRIAL DEMANDED

This paragraph sets forth MNI's request for a jury trial, to which no response is required. Iron Galaxy requests a trial by jury any issues so triable.

## GENERAL DENIAL

Iron Galaxy denies each and every allegation contained in the Complaint that was not specifically admitted above.

## DEFENSES

Subject to the responses above, Iron Galaxy alleges and asserts the following defenses in response to MNI's Complaint and the allegations therein, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless how such defenses are denominated herein. In addition to the defenses described below, Iron Galaxy specifically reserves all rights to allege additional defenses that become known through the course of discovery.

1. The Complaint fails to state a claim upon which relief can be granted.

2. Iron Galaxy does not infringe and has not infringed, whether directly, contributorily, or by inducement, any valid and enforceable claim of the '045 patent, either literally or under the doctrine of equivalents.

3. The asserted claims of the '045 patent are invalid for failure to satisfy the requirements of one or more provisions in Title 35 of the United States Code, including §§ 101, 102, 103, 112, 116, 119 and/or 120.

4. The relief sought by MNI is barred in whole or in part by the doctrines of laches, waiver, estoppel, acquiescence due to its inaction in timely asserting the '045 patent, express or implied license, and/or patent exhaustion.

5. MNI is estopped from construing or interpreting the claims of the '045 patent to cover or include, either literally or by application of the doctrine of equivalents, any acts of Iron Galaxy by reason of the proceedings in the United States Patent and Trademark Office during prosecution of the application upon which the '045 patent issued, the admissions and representations made therein to the USPTO by the applicants, disclosure or language in the specification of the '045 patent, and/or limitations in the claims of the '045 patent.

6. MNI's claims for relief are limited or barred, in whole or in part, by 35 U.S.C. §§ 2286, 287, and/or 288.

7. MNI's claims for relief are barred, in whole or in part, because Iron Galaxy is not liable for acts of others over whom it has no control.

8. MNI is not entitled to injunctive relief because, *inter alia*, any injury to MNI is not immediate or irreparable, and MNI has an adequate remedy at law.

## RESERVATION OF DEFENSES

Iron Galaxy reserves the right to assert any other defenses revealed during the course of discovery or otherwise in this litigation.

## PRAYER FOR RELIEF

WHEREFORE, Iron Galaxy prays for judgment as follows:

A. A judgment dismissing MNI's Complaint against Iron Galaxy with prejudice;

B. That the Court deem this an exceptional case under 35 U.S.C. § 285 and award Iron Galaxy its reasonable costs and expenses of this litigation, including attorneys' fees and expert fees; and

C. Such other and further relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Iron Galaxy respectfully requests a trial by jury of any issues so triable by right.

Dated: January 13, 2015

Respectfully submitted,

*/s/ Todd G. Vare*
Todd G. Vare
Bar No. 18458-49
tvare@btlaw.com
Barnes & Thornburg LLP
11 S. Meridian Street
Indianapolis, IN 46204
Tel: (317) 231-7735
Fax: (317) 231-7433

Jennifer Parker Ainsworth
Texas Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
Tyler, TX 75701
Tel: (903) 509-5001
Fax: (903) 509-5092

**Attorneys for Defendant Iron Galaxy Studios, LLC**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 13, 2015, the foregoing was caused to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notifications of such filing to all counsel of record.

>                                                              */s/ Todd G. Vare*
>                                                              Todd G. Vare